J-A03045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES DOUGLAS MORGENSTERN, JR., | |
| Appellant | No. 982 MDA 2013 |

Appeal from the Judgment of Sentence May 17, 2013
in the Court of Common Pleas of Bradford County
Criminal Division at No.: CP-08-CR-0000570-2012

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.                **FILED AUGUST 01, 2014**

Appellant, James Douglas Morgenstern, Jr., appeals from the judgment of sentence imposed following his conviction of one count of persons not to possess firearms.[1]  We affirm.

The trial court summarized the factual history of this matter as follows:

> On May 16, 2012, Bradford County Sheriff Deputies, Brian Wibert and James Hart were traveling to Rome Borough to serve a bench warrant.  They were in a marked vehicle and in full uniform.  At about 3:00 p.m., while traveling through a rural area, they came upon a black Gran Prix sedan parked in a pull off area with the driver's side door open.  They did not stop.  An hour later, upon return, the vehicle was in the same position including the driver's side door being open.  Initially, they drove

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

by, but Deputy Hart suggested they return to determine if anyone needed help. They pulled in by the vehicle [and] Deputy Wibert ran the registration number. Deputy Hart saw a female in the vehicle behind the steering wheel, with the seat reclined and [her] eyes closed. He thought he recognized her as a person known to him. He asked her if she was okay and she opened her eyes. He asked if she was Trisha Bouse, and she said she was Desiree Bouse, [Appellant's] girlfriend. Deputy Hart recognized the names and [Appellant] was known to him from his employment as a deputy and while a guard in the Bradford County Correctional Facility. Deputy Hart asked what "the situation was" as he wanted to [make] sure that she was okay. Bouse explained that they had run out of gas and that [Appellant] had gone on foot to seek fuel. Deputy Hart noticed that the backseat of the vehicle was packed with all kinds of various objects, including a red plastic gas can. Therefore, Deputy Hart asked Bouse what [Appellant] used to go retrieve gas, and she responded a gas can. Deputy Hart advised her that there was a gas can in the back seat. Bouse looked at it and told him that they had two cans. Deputy Hart then told Deputy Wibert. Deputy Wibert advised Deputy Hart that the information on the registration plate did not belong to the black Gran Prix sedan, but rather a 1995 Jeep Cherokee. [Appellant] then jogged up the road towards them. He called Deputy Hart by his first name, and asked what was going on. [Appellant] explained that the vehicle had run out of gas and that he knew people in [the] area and tried to find gas. He did not have a gas can. When asked about there being no gas can, he said he would borrow a gas can. . . .

Deputy Hart then advised [Appellant] of the registration not matching the vehicle. [Appellant] began telling the deputy that the car was legal. Deputy Hart was aware that [Appellant] had been arrested many times and had issues with [substance abuse]. Deputy Hart was concerned that [Appellant] was under the influence of drugs and asked to do a quick pat down for officer safety, which [Appellant] complied with. Deputy Hart asked if he had any sharp object[s] on him, to which [Appellant] replied that he had a pocket knife. Deputy Hart asked him "what is going on" because "things were not adding up." [Appellant] began explaining that he and a friend had been "scrapping [for metal]" at a place that had been damaged in the flood. Deputy Hart was aware that [Appellant] was on probation and asked him if he was, to which [Appellant] replied yes. Deputy Hart asked if

there was anything in the car they should know about, or was there anything illegal in the car. [Appellant] offered that there was a rifle in the trunk. Deputy Hart asked if they could look in the trunk and [Appellant] agreed. In the trunk was a rifle and a machete. Deputy Hart secured the rifle and machete. Deputy Hart believed that [Appellant] had a felony conviction and asked him if he did, to which [Appellant] replied yes. [Appellant] was not arrested at the time because Deputy Hart did not believe that he was a flight risk. Therefore, a summons was issued at a later date. . . .

(Trial Court Opinion, 8/09/13, at 1-3).

On May 18, 2012, Deputy Hart filed a criminal complaint against Appellant, alleging that he had committed the offense of persons not to possess firearms. On September 5, 2012, Appellant filed an omnibus pretrial motion to suppress the evidence, which the trial court denied on February 8, 2013. Appellant filed a motion to reconsider the motion to suppress, which the trial court denied on March 5, 2013. The case proceeded to a bench trial on March 22, 2013, and the court found Appellant guilty of the above-mentioned offense. On May 17, 2013, following preparation of a presentence investigation report (PSI), the trial court sentenced Appellant to a term of not less than twenty-four nor more than forty-eight months' incarceration. Appellant filed a timely notice of appeal on May 29, 2013.

On May 31, 2013, in accordance with Pennsylvania Rule of Appellate Procedure Rule 1925(b), the trial court entered an order requiring Appellant to file a concise statement of errors within twenty-one days. *See* Pa.R.A.P. 1925(b). The order provided, in bold, capital-letter font, that "**SAID**

**STATEMENT SHALL BE SPECIFIC AS TO WHAT CLAIMS WERE RAISED BEFORE [THE TRIAL] COURT AND WHY THE COURT'S RULINGS ON THE CLAIMS WERE ERROR**[,]" and advised that failure to comply with this directive may result in waiver. (Concise Statement Order, 5/31/13, at 1) (emphasis in original). On June 14, 2013, Appellant timely filed a nine-page, forty-three-paragraph-long Rule 1925(b) statement. (*See* Rule 1925(b) Statement, 6/14/13, at 1-9). The trial court filed a Rule 1925(a) opinion on August 9, 2013.

In his brief, Appellant raises the following issues for this Court's review:

> I. Did the trial court err in finding the investigation and search of [Appellant] was within the scope of the sheriff deputies' jurisdiction?
>
>> A. Are sheriffs and their deputies vested with the authority to enforce and/or investigate violations of the [Vehicle Code] that do not rise to the level of breaches of the peace?
>>
>> B. Did the trial court err in finding the warrantless search of [Appellant] and his vehicle constitutional?
>
> II. Did the trial court err in finding [the] sheriff deputies did not exceed their authority by prosecuting [Appellant] under 18 Pa. C.S. § 6105 of the Crimes Code?

(Appellant's Brief, at 9-10).

Prior to analyzing the issues in Appellant's brief, we must determine whether he properly preserved those claims for our review, as required by Rule 1925(b). Rule 1925(b)(4) provides, in relevant part:

- 4 -

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

\* \* \*

(iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

(v) Each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4)(ii), (iv), (v), (vii).

It has been held that when the trial court directs an appellant to file a concise statement of matters complained of on appeal, any issues that are not raised in such a statement will be waived for appellate review. Similarly, when issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Thus, Rule 1925 is a crucial component of the appellate process. When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review.

***Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*)

(case citations and quotation marks omitted). If an appellant's Rule 1925(b)

concise statement is too vague, this Court may find waiver. ***See***

- 5 -

*Commonwealth v. Hansley*, 24 A.3d 410, 415-16 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (finding three of appellant's issues on appeal waived where he failed to specify claims in his Rule 1925(b) statement); *see also Commonwealth v. Castillo*, 888 A.2d 775, 776, 780 (Pa. 2005) (reaffirming bright-line waiver rule for Rule 1925 established in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), and stating that any issues not raised in Rule 1925(b) statement are waived.). An *en banc* panel of this Court recently stated:

> Our Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (emphasis added); *see also* [*Commonwealth v.*] *Castillo*, 888 A.2d at 780. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to *Lord*, when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." *Id.* Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 2014 WL 930822 at *2 (Pa. Super. filed March 11, 2014) (*en banc*) (emphasis original); *see id.* at *5 (holding that this Court cannot address merits of appellant's issues where it failed to comply timely with trial court's order directing it to file concise statement of errors).

- 6 -

Here, Appellant filed a nine-page Rule 1925(b) statement of errors that is vague and far from concise. (*See* Rule 1925(b) Statement, 6/14/13, at 1-9). It consists of forty-three numbered paragraphs, divided into three sections, titled "Procedural History," "Facts of the Case," and "Count One-Motion to Suppress and Dismiss." (*See id.*). It does not precisely identify any of Appellant's issues on appeal, and it is styled as a motion rather than a Rule 1925(b) statement. (*See id.*). In fact, portions of the document mirror certain paragraphs included in Appellant's omnibus pretrial motion to suppress. (*See id.*; *see also* Omnibus Pretrial Motion to Suppress Evidence and to Dismiss, 9/05/12, at unnumbered pages 1-3). Further, the paragraphs in Appellant's Rule 1925(b) statement do not directly correspond to the specific issues and sub-issues raised in his brief. (*See* Rule 1925(b) Statement, 6/14/13, at 1-9; *see also* Appellant's Brief, at 9-10).

While the trial court addressed Appellant's issues to the extent it could discern them, its Rule 1925(a) opinion simply restated its reasons for denying Appellant's motion to suppress and motion for reconsideration. (*See* Trial Ct. Op., at 3-6). The court could not directly address each of the issues and sub-issues Appellant raised in his brief because Appellant failed to concisely identify them for the court in his Rule 1925(b) statement, despite the court's clear directive to "**BE SPECIFIC AS TO WHAT CLAIMS WERE RAISED BEFORE [THE TRIAL] COURT AND WHY THE COURT'S RULINGS ON THE CLAIMS WERE ERROR**." (Concise Statement Order,

5/31/13, at 1) (emphasis in original); **see also** Appellant's Brief, at 9 (noting that trial court did not directly address sub-issue I.A.)).

Based on this record, we conclude that Appellant failed to comply with the minimal requirements of Rule 1925(b), and that, consequently, he has waived all of his issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Greater Erie Indus. Dev. Corp.**, **supra** at *2 (citing **Schofield**, **supra** at 774). Accordingly, we may not address the merits of those issues. **See Greater Erie Indus. Dev. Corp.**, **supra** at *2, 5.[2]

_____

[2] We recognize that our Rules of Appellate Procedure provide for limited instances in which appellate courts may remand criminal cases to trial courts in order to cure defects in Rule 1925 statements. In relevant part, Pa.R.A.P. 1925(c) permits appellate courts in criminal cases to remand in the following three circumstances related to the filing of Rule 1925(b) statements:

> (1)     An appellate court may remand [in a criminal case] for a determination as to whether a Statement has been filed and/or served or timely filed and/or served.

> *     *     *

> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

> (4) In a criminal case . . .  [where counsel filed an **Anders/McClendon** brief] in lieu of filing a Statement [and] upon review of the **Anders/McClendon** brief, the appellate court believes that there are arguably meritorious issues for review[.] . . .

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Olson, J., files a Concurring Memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/1/2014

*(Footnote Continued)* ───────────

Pa.R.A.P. 1925(c)(1), (3)-(4).  None of these circumstances is applicable in the present case.  With respect to Pa.R.A.P. 1925(c)(1), the record reflects that Appellant's Rule 1925(b) statement was timely filed.  With regard to Pa.R.A.P. 1925(c)(3), the official note to the rule makes clear that remand is available "only when the appellant has completely failed to respond to an order to file a Statement. . . . [W]hen waiver occurs due to the improper filing of a Statement . . .  relief may occur only through the post-conviction relief process[.]"  Pa.R.A.P. 1925(c)(3), note.  Here, Appellant has not completely failed to respond to the court's order to file a Rule 1925(b) Statement.  Finally, with respect to Pa.R.A.P. 1925(c)(4), counsel has not filed an ***Anders/McClendon*** brief.  Therefore, remand is not available in the instant case.